## WALDEN *vs.* McDONALD.

1. A plaintiff in trover cannot enforce a judgment for the value of a slave which he had in his possession at the time of the recovery, nor for his hire during the time that he held said slave previously. In such a case, equity would interpose and restrain the proceeding.

In Equity, from Lee Superior Court. Decided by Judge PERKINS, at March Term, 1860.

The plaintiff in error, Walden, filed his bill in equity against William T. McDonald, alleging, that in the year 1853 said McDonald instituted his action of trover and bail in the Superior Court of Lee county, against Seaborn J. Walden, the brother of complainant, for the recovery of a negro man, Lewis; that at the last term of said Court, the papers in said case having been burnt with the Court-house, said McDonald established copies thereof, from which it appears that complainant became the security for the said Seaborn J. on the bail bond in said trover action. Complainant alleges that he has no recollection of ever becoming such security, and believes he never did. It is further alleged that judgment was obtained against said Seaborn J. in said trover suit for $300 00, to be discharged on the delivery of the negro, and $250 00 for hire; and thereupon a *fi. fa.* has been issued and levied on the property of complainant, as security aforesaid, to satisfy the same; that Seaborn J. is insolvent; that he paid but little attention to said suit whilst pending, and that complainant took no interest in it, not supposing he, himself, had any interest in it. It is charged, that said recovery is fraudulent in this: that some time in 1856, said McDonald took possession of said slave; had had him ever since, and now has him in his control, and that he concealed this fact from the Court and jury, and got a verdict for the value of said negro and his hire. The prayer of the bill is for an injunction restraining the collection of said *fi. fa.*, etc. The Court granted the injunction, order, etc.

The defendant answered the bill, admitting the institution of the suit against Seaborn J. Walden, as charged, the taking the judgment thereon, the issue and levy of the *fi. fa.*, and the insolvency of the said Seaborn J., but denies that all the papers in said case had been destroyed; and says that

Walden *vs.* McDonald.

none of the papers were destroyed but the bond given by Seaborn J., as principal, and complainant as security; that the declaration was in the custody of defendant's counsel, and that there was an entry endorsed on it by the sheriff, Mayo, that he had discharged the defendant, Seaborn J., on taking bond, and Winson H. Walden as security; and that said sheriff had afterwards informed defendant that he had arrested said Seaborn J. and taken bond, with security, as above stated; that the bond was the only paper lost, and a copy thereof had been duly established, the complainant's attorney having been present at the time and consenting thereto; denies that said Seaborn J. neglected the defense of his case, but insists that he made by himself and counsel as good defense as he could; says he got possession of the negro as follows: Some time in the fall of 1856, learning that Seaborn J. intended to remove the slave to Florida, and not regarding either the principal or surety in said bond as very reliable, he sued out an attachment against Seaborn J. and had it levied on said negro by the deputy sheriff, who kept him in his possession for some three months, and defendant finding said Seaborn J. would not replevy him, defendant offered a bond, with good security, to the deputy sheriff for the possession and return of the negro when he might be called for, which was accepted; and thus the negro went into possession of defendant, and has been in his possession ever since, uncalled for; and further, that when said *fi. fa.* issued, the sheriff was instructed to levy the same on said negro, which was done, and he was advertised for sale; denies all fraud and concealment as charged.

Defendant's counsel moved the Court, on the coming in of his answer to dissolve said injunction and dismiss said bill, on the ground that the equity in the bill was sworn off by the answer.

The Court sustained the motion and ordered the bill to be dismissed and the said *fi. fa.* to proceed. To which complainant, by his counsel, excepted.

VASON & DAVIS, for plaintiff in error.

WARREN & WARREN, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

One thing is clear: the injunction in this case should not have been dissolved until a release was executed by McDonald of the value of the negro recovered by him of Walden in the *trover action;* and Walden was entitled to a credit for the hire of the boy Lewis from the time he was turned over by the sheriff to McDonald. The fact, too, that McDonald had possession of the negro at the time he was recovered, was such a concealment of the truth from the Court and jury as should entitle Walden to the relief which he seeks.

McDonald pretends that he is responsible to the sheriff for the forthcoming of Lewis. He had Lewis attached, he says, to prevent him from being run off to Florida by Seaborn Walden. The jury, by their verdict, have found that Lewis belongs to him. What has he to apprehend from his forthcoming bond?

We know nothing of the parties or the surety of this litigation; but one thing is manifest, and that is, that our selfishness causes us to mistify the plainest details of justice in this world.

So far from the equity of the bill being denied, we think it is fully admitted by the answer as to all the material facts. Our conclusion, therefore, is, that the injunction should be retained until a jury can do what is right between the parties, provided they themselves will not save the country this further trouble by settling the matter. Because people go to law, is no reason why they should continue to litigate to the bitter end, after they understand their rights and duties. One thing is sure: the idea of withholding Lewis from market, because he was overworked by Seaborn Walden, cannot justify the sale of a security's property.